# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN DEMARCO MITCHELL,

                 Plaintiff,

v.

JUDGE MARK J. MCGINNIS,
DANIEL M. MUZA, and
OUTAGAMIE COUNTY,

                 Defendants.

Case No. 17-CV-1258-JPS

**ORDER**

Plaintiff Brian DeMarco Mitchell, who is incarcerated at the Outagamie County Jail, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants Outagamie County Circuit Court Judge Mark J. McGinnis ("Judge McGinnis") and attorney Daniel M. Muza ("Muza") violated his constitutional rights. (Docket #1). Plaintiff subsequently filed an amended complaint, providing additional factual details to support his claims. (Docket #7). The amended complaint supersedes the first complaint and is the governing pleading in this case. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). After filing his amended complaint, Plaintiff filed a supplement to his amended complaint, purporting to add Outagamie County as a defendant. (Docket #8).

This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $15.80. *See* 28 U.S.C. § 1915(b)(1). His motion to proceed *in forma pauperis* will, therefore, be granted.

Next, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on May 9, 2017, the Appleton public defender's office appointed Muza to represent Plaintiff in a criminal case pending in Outagamie County, Case Number 17-CF-59. (Docket #7 at 2). On May 18,

2017, Plaintiff asked Muza to withdraw as his attorney because he believed Muza had a "conflict." *Id.* The next day, Muza informed Plaintiff that he would withdraw from the case, and Muza faxed to Judge McGinnis a motion to withdraw and proposed order. *Id.* Three days later, on May, 22, 2017, Judge McGinnis granted the motion. *Id.* at 3.

Then, on May 25, 2017, apparently unaware that the motion to withdraw had been granted, Muza faxed a letter to Judge McGinnis requesting a hearing on the motion to withdraw. *Id.* The letter states "[a]s you know, I presently represent Brian D. Mitchell in the above-captioned matter." *Id.* at 3, *see also* (Docket #7-1 at 4). Plaintiff contends that Muza "acted negligently when he failed to inquire with the court or by public record in regard to his representation status . . . before requesting a motion hearing[.]" *Id.* at 3.

A hearing was scheduled for, and took place on, June 6, 2017 in Outagamie County Circuit Court. *Id.* at 4. Plaintiff contends he was damaged as the result of this hearing, which should not have taken place. *Id.* Plaintiff alleges that at the hearing, Judge McGinnis and Muza realized that Muza's motion for withdrawal had already been granted but continued with the hearing anyway. *Id.* Plaintiff states that, as a result, he was not represented by "effective or legal counsel." *Id.* According to Plaintiff, Judge McGinnis went on to find Plaintiff in contempt of court and imposed on him a term of six months' imprisonment and a $5,000 fine "with purge conditions." *Id.* at 4-5. Plaintiff contends that the sanction was "unlawful" and "excessive," and that he was sentenced without being afforded legal counsel. *Id.* at 5.

Plaintiff served forty-two days in the Outagamie County Jail for contempt before Judge McGinnis ordered his release due to Plaintiff having

satisfied his purge conditions and "failure to follow statutory procedure brought to his knowledge by [Plaintiff] and newly appointed counsel Gary Schmidt on July 17, 2017[.]" *Id.* Plaintiff states that the sentence imposed on him should not have exceeded thirty days' imprisonment and a $500.00 fine. *Id.* Plaintiff contends that because he served "unlawful days in jail on the contempt charge," his Eighth Amendment rights were violated. He states that he suffered emotional and mental damage as a result. *Id.* at 5-6.

Finally, Plaintiff alleges that while he was incarcerated at the Outagamie County Jail, he had a mental and emotional breakdown that caused him to enter into a physical altercation with his cellmate. *Id.* at 6. That altercation led to criminal charges being filed against him. *Id.* Plaintiff contends that but for the "unlawful" conduct of Judge McGinnis and Muza, Plaintiff would not have been incarcerated at the time of the altercation and, therefore, the altercation would not have happened. *Id.*

Plaintiff cannot state a viable claim against any of the named Defendants. First, it has long been established that judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Without doubt, the actions of Judge McGinnis that form the basis of Plaintiff's claim against him—"hosting a criminal proceeding in which an indigent defendant was not appointed counsel" and "imposing an excessive sentence," (Docket #7 at 7)—are judicial acts. Judge McGinnis is thus cloaked with judicial immunity for each of the actions that Plaintiff invokes as the grounds for his constitutional claims against him. Under Section 1915A, a claim against a defendant who is immune from liability for money damages must be

dismissed. Therefore, Plaintiff's claim against Judge McGinnis must be dismissed.

Plaintiff's claim against Muza fares no better. Muza, as a public defender, may not be sued under Section 1983 for actions undertaken as part of "a lawyer's traditional function[] as counsel to a defendant in a criminal proceeding," because such an attorney does not act "under color of state law." *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). The acts that form the basis of Plaintiff's claim against Muza—filing a motion at Plaintiff's request, attending a hearing on that motion, and "failing to object to continuation" of the hearing after learning his withdrawal motion had been granted—fall squarely within the traditional function of a lawyer. Muza, therefore, is not amenable to suit under Section 1983, and Plaintiff may not maintain a constitutional claim against him. Plaintiff's claim against Muza must also be dismissed.

If Plaintiff intended to bring a state law legal malpractice claim against Muza, the Court will not consider it in this case. *See* 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction"); *see also Ross ex rel. Ross v. Bd. of Educ. of Tp. High School Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007) (affirming district court's declination to exercise supplemental jurisdiction over state law claims after "federal claims were dismissed at such an early stage on a purely legal ground").

Finally, Plaintiff also fails to state a claim against Outagamie County. A municipal entity may not be held liable pursuant to Section 1983 solely because it employed a constitutional tortfeasor. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (holding that liability pursuant to the doctrine of *respondeat superior* is unavailable under Section

1983). Rather, a municipality can "be held liable under § 1983 only for its own violations of federal law." *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell*, 436 U.S. at 694). To invoke *Monell* liability, Plaintiff must demonstrate that there was an "official policy, widespread custom, or action by an official with policy-making authority [that] was the 'moving force' behind his constitutional injury." *Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016) (quotation omitted).

Plaintiff seeks to hold Outagamie County liable for the actions of Judge McGinnis as a "decision-maker" of the county. (Docket #8 at 2). He states that the "exact relief requested and sought from Mark J. McGinnis in this action shall be identical as sought from Outagamie County." *Id.* In other words, Plaintiff seeks to hold Outagamie County liable for the single decision of Judge McGinnis to impose contempt sanctions on Plaintiff during a criminal proceeding in which, Plaintiff contends, he was not effectively represented by counsel.

Plaintiff's claim cannot proceed because Judge McGinnis is not an official with policy-making authority for purposes of *Monell* liability. "In order to have final policymaking authority, an official must possess responsibility for making law or setting policy, that is, authority to adopt rules for the conduct of government." *Killinger v. Johnson*, 389 F.3d 765, 771 (7th Cir. 2004) (quotation and internal marks omitted). Judge McGinnis has no such authority. He did not make the law Plaintiff was accused of violating that led to the contempt sanctions Judge McGinnis imposed. Nor did he draft the state law that prescribes possible sanctions for contempt. Judge McGinnis also did not make the rules of procedure that Plaintiff claims should have prevented his attorney, having withdrawn from the case, from noticing a motion hearing and representing Plaintiff at that

hearing. Plaintiff alleges only that Judge McGinnis misapplied the law in his criminal case; that is not sufficient to confer municipal liability on Outagamie County.

Because the Defendants named herein are not amenable to a suit for damages under Section 1983, the defects in Plaintiff's claims cannot be cured by permitting him to amend his complaint. Leave to amend need not be granted before dismissal where such amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). The Court's dismissal will therefore be with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution

shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge